**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PAUL A. PEREZ,

Plaintiff,

v. CIV 19-1152 KBM

ANDREW M. SAUL,
Commissioner of Social
Security Administration,

Defendant.

# MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Decision (*Doc. 24*) filed on April 22, 2020. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 12*; *15*; *16.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is not well-taken and will be denied.

## I. Procedural History

Mr. Paul Perez (Plaintiff) filed an application with the Social Security Administration for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act (SSA) on March 25, 2016, and for Supplemental Security Income (SSI) under Title XVI of the SSA on May 9, 2016. Administrative Record[1] (AR) at 207-14. Plaintiff alleged a disability onset date of January 1, 2013. AR at 207, 209.

[1] Document 19-1 contains the sealed Administrative Record. *See Doc. 19-1.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

Disability Determination Services (DDS) determined that Plaintiff was not disabled both initially (AR at 59-85) and on reconsideration (AR at 86-127). Plaintiff requested a hearing with an Administrative Law Judge (ALJ) on the merits of his applications. AR at 148-50.

Both Plaintiff and a vocational expert (VE) testified during the *de novo* hearing. *See* AR at 33-57. ALJ Ann Farris issued an unfavorable decision on December 4, 2018. AR at 12-32. Plaintiff submitted a Request for Review of Hearing Decision/Order to the Appeals Council (AR at 204-06), which the Council denied on October 10, 2019 (AR at 1-6). Consequently, the ALJ's decision became the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II. Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) meet or equal one of the

listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), he is unable to perform his past relevant work. 20 C.F.R §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of [his] medical impairments." *Ryan v. Colvin*, Civ. 15-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016) (citing 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1)). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that" Plaintiff retains sufficient RFC "to perform work in the national economy, given his age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

At Step One of the process,[2] ALJ Farris found that Plaintiff "has not engaged in substantial gainful activity since January 1, 2013, the alleged onset date." AR at 17 (citing 20 C.F.R. §§ 404.1571-1576, 416.971-976). At Step Two, the ALJ concluded that Plaintiff "has the following severe impairments: chronic kidney disease; hypertension; obesity; post-traumatic stress disorder ('PTSD'); anxiety disorder (not otherwise specified); and major depressive disorder." AR at 17 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). The ALJ noted that Plaintiff has the following non-severe impairments: chronic pain syndrome and obstructive sleep apnea. AR at 18.

---

[2] ALJ Farris first found that Plaintiff "meets the insured status requirements of the Social Security Act through September 30, 2017." AR at 17.

At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." AR at 18 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). At Step Four, the ALJ considered the evidence of record and found that Plaintiff

> has the [RFC] to perform less than a full range of sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a). He requires two unscheduled restroom breaks per day and is limited to occasional and superficial interaction with coworkers.

AR at 19. ALJ Farris found that Plaintiff "is unable to perform any past relevant work." AR at 25 (citing 20 C.F.R. §§ 404.1565, 416.965). Based on the testimony of the VE, the ALJ determined that Plaintiff can perform the jobs of microfilming document preparer, financial clerk, and information clerk. AR at 26. The ALJ ultimately determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 1, 2013, through the date of [the ALJ's] decision." AR at 26 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).

## III. Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489

F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200).

## IV. Discussion

Plaintiff argues that the ALJ erred in finding that he did not have an impairment or combination of impairments that met or equaled a listing. *See Doc. 24* at 8. He also argues that the RFC is unsupported by substantial evidence. *Id.* at 10.

### A. Plaintiff fails to demonstrate that the ALJ's Step Three finding was erroneous.

At Step Three, the ALJ must determine whether the claimant's impairments, singly or in combination, meet or equal the severity of a listed impairment. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii); 404.1526(b)(3); 416.926(b)(3). The ALJ's Step Three finding must be supported by substantial evidence. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996); *Call v. Berryhill*, No. CV 16-1145 CG, 2017

WL 4620979, at *4 (D.N.M. Oct. 13, 2017). Plaintiff carries the burden at Step Three, however, "to demonstrate which listings [his] impairments meet or equal, and an ALJ's error at this step is harmless if the claimant fails to meet this burden." *Call*, 2017 WL 4620979, at *4 (citing *Garrison v. Colvin*, 564 F. App'x. 374, 377 (10th Cir. 2014) (finding no error by the ALJ at Step Three where the claimant failed to state which listing or listings apply to his impairments)).

Here, ALJ Farris stated at Step Three that she considered the State agency medical consultants' opinions, reviewed all the record evidence, and determined that the severity of Plaintiff's "impairments does not meet or equal any listed impairment at Appendix 1." AR at 18. The ALJ then explained that Plaintiff's chronic kidney disease does not meet listings 6.03, 6.04, 6.05, or 6.06 because "the evidence does not document the need for dialysis, kidney transplant or other requisite findings on testing as required" by the listings. AR at 18. She further found that "[t]he severity of [Plaintiff's] mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, and 12.15." AR at 18.

Plaintiff summarily asserts that "it was error for the ALJ to find that [Plaintiff's] combination of impairments did not disable him . . . ." *Doc. 24* at 8 (capitalization omitted). While he cites three non-binding cases to support the proposition that the ALJ erred in failing to consider the impairments in combination, he does not explain which of the seven listings the severity of his impairments meets or equals. *See id.* at 8-9 (citing *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); *Olson v. Apfel*, 17 F. Supp. 2d 783, 787-88 (N.D. Ill. 1998)). The

Commissioner noted this shortcoming (*see Doc. 30* at 11); yet Plaintiff failed to supplement this argument in his reply brief (*see Doc. 33*).

"[A] Social Security claimant must adequately develop arguments before a district court." *Heaps v. Colvin*, No. 13-CV-598-PJC, 2015 WL 321222, at *7 (N.D. Okla. Jan. 26, 2015) (citing *Wall*, 561 F.3d at 1052). Because Plaintiff has not met his burden to establish that the ALJ erred at Step Three, the Court will deny the motion on this issue.

**B. Plaintiff fails to establish that the RFC is not supported by substantial evidence.**

Plaintiff's second contention is similarly lacking. His entire argument for this issue consists of one topic sentence and one line of non-binding legal authority. He states: "The Commissioner failed to call or utilize a medical expert to review the voluminous medical evidence resulting in the ALJ making an ill-informed finding that [Plaintiff] was limited to less than sedentary work but finding that [his] complaints of symptoms are 'out of proportion [to] the objective medical evidence.'" *Doc. 24* at 10 (quoting AR at 23). He asserts that "remand is required when 'an ALJ fails to consider properly a claimant's condition despite evidence in the record of a diagnosis.'" *Id.* (quoting *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1220 (11th Cir. 2001)).

In *Vega*, the court found "that the ALJ did not properly consider the diagnosis of [chronic fatigue syndrome (CFS)] or evaluate the effect the CFS symptoms had on [the claimant's] ability to work." 265 F.3d at 1219. Plaintiff does not explain how *Vega* is relevant here. He does not assert which diagnosis the ALJ failed to consider. *See Doc. 24* at 10. Further, Plaintiff fails to expand on his argument that the ALJ should

have called a medical expert to evaluate the record. *See id.* The Commissioner addresses these points, arguing that the RFC is supported by substantial evidence and that the circumstances here did not indicate that a medical expert was required. *Doc. 30* at 12-13, 18 (citing Hearings, Appeals and Litigation Law Manual § I-2-5-34(A), 1994 WL 637370 (Jan. 21, 2020)). Plaintiff does not respond to the Commissioner's points in his reply brief. *See Doc. 33*. Because Plaintiff failed to adequately develop his position, the Court will deny the motion on these bases.

Finally, the Commissioner addresses at length Plaintiff's contention that the ALJ erred in "finding that [his] complaints of symptoms are 'out of proportion [to] the objective medical evidence." *Docs. 24* at 10; *30* at 14-17. The Commissioner asserts that the ALJ "reasonably found that . . . Plaintiff's subjective complaints lacked consistency with the objective medical evidence of record." *Doc. 30* at 14 (citing AR at 21-22, 24). For example, the ALJ noted that despite the symptoms of his mental impairments, Plaintiff did not seek treatment with a counselor or psychiatrist. *See* AR at 21 (citing AR at 403 (Apr. 27, 2015 treatment record noting that Plaintiff has history of anxiety but is "not seeing counselor at this time"); AR at 406 (May 14, 2015 treatment record noting that Plaintiff had two appointments with a counselor but cancelled them)); AR at 23 (citing AR at 540 (June 20, 2017 treatment record noting that Plaintiff denied attending counseling); AR at 589 (Feb. 13, 2018 treatment record noting that Plaintiff "[h]as not seen a psychiatrist")). The Commissioner notes that "Plaintiff's lack of specific treatment for his allegedly disabling mental impairments could reasonably lead the ALJ to question the supportability of his symptom allegations." *Doc. 30* at 14 (citing 20 C.F.R. § 404.1529(c)(4); *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988)). The

ALJ also noted Plaintiff's noncompliance with treatment recommendations for both anxiety and hypertension. *See id.* at 15 (discussing AR at 21-23 (noting noncompliance with anti-anxiety medication (citing AR at 409, 472, 493, 540) and with hypertension medication (citing AR at 387)).

ALJ Farris stated that Plaintiff's "described daily activities are not limited to the extent one would expect, given his complaints of mentally disabling symptoms and limitations." AR at 24; *see also Doc. 30* at 15. She specifically pointed to Plaintiff's abilities to "perform household chores, prepare meals, pay bills, . . . manage a checking account[,]" and to his denial of problems getting along with others (including time spent with his father each day). AR at 24. The Commissioner asserts that it is reasonable to find that these activities do not indicate significant limitations. *Doc. 30* at 15 (citing 20 C.F.R. § 404.1529(c)(3)(i); *Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010)). The ALJ also observed that Plaintiff was able to work after his alleged onset date. *Id.* at 16 (citing AR at 24; 20 C.F.R. § 404.1571 ("Even if the work you have done [during a period of claimed disability] was not substantial gainful activity, it may show that you are able to do more work than you actually did."); *Shepherd v. Apfel*, 184 F.3d 1196, 1202 (10th Cir. 1999)).

Finally, the ALJ found that Plaintiff's statement during a January 2018 doctor visit, "that he last used psychiatric medications three years" prior, was inconsistent with the medical evidence. AR at 24 (citing AR at 567). The Commissioner notes that an ALJ is required to "consider whether there are conflicts between a claimant's statements and the rest of the evidence." *Doc. 30* at 16 (citing 20 C.F.R. § 404.1529(c)(4); *Wilson*, 602 F.3d at 1144).

In his reply brief, Plaintiff does not respond to any of the Commissioner's assertions regarding the ALJ's credibility determinations. *See Doc. 33*. Again, the Court finds that Plaintiff failed to adequately brief the issues and will deny the motion on this basis.

Instead, Plaintiff argues for the first time in his reply brief that the ALJ erred by applying SSR 16-3p rather than SSR 96-7p. *See id.* at 1, 4-5; *see also* AR at 16 (citing SSR 16-3p). He contends that the ALJ should have "appl[ied] the credibility rules of SSR 96-7p as" he applied for benefits on March 24, 2016, "some [four] days before SSR 16-3p was promulgated, and rescinded SSR 96-7p. . . ." *Doc. 33* at 4-5. The Court rejects this argument for two reasons. First, because Plaintiff makes this argument for the first time in his reply, it is waived. *See Kruse v. Astrue*, 436 F. App'x 879, 885 (10th Cir. 2011) ("[a]rguments presented for the first time in a reply brief are waived" (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994))); *Berna v. Chater*, 101 F.3d 631, 632-33 (10th Cir. 1996) (recognizing "that waiver principles developed in other litigation contexts are equally applicable to social security cases") (quotation omitted).

Second, had Plaintiff raised this issue in his motion, the Court would find it without merit. At the time Plaintiff filed his applications for benefits, an ALJ's "credibility" evaluation was governed by SSR 96-7p, 1996 WL 374186 (July 2, 1996). By the time ALJ Farris issued her decision, however, SSR 96-7p had been rescinded and superseded by SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). The new ruling specifies that ALJs "will apply SSR 16-3p when [they] make determinations and decisions on or

after March 28, 2016." SSR 16-3p, 2017 WL 5180304, at *1. Because ALJ Farris issued her decision in 2018, she correctly utilized SSR 16-3p.

## V. Conclusion

Plaintiff has failed to show that the ALJ's Step Three finding was erroneous, that the RFC is unsupported by substantial evidence, or that the ALJ erred in utilizing SSR 16-3p. Thus, the Court will deny Plaintiff's motion to remand.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision (*Doc. 24*) is **DENIED**. A final order pursuant to Rule 58 of the Federal Rules of Civil Procedure will enter concurrently herewith.

Karen B Molzen
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent